1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   CARL A. IMPINK,                                    Case No. 11cv0104 BTM(WMc)

12                                   Plaintiff,          **ORDER GRANTING MOTION TO**
                  v.                                     **DISMISS AND DENYING**
13                                                       **PLAINTIFF'S MOTION TO STRIKE**
     BANK OF AMERICA, and DOES 1-10,
14
                                  Defendants.
15

16
         BAC Home Loans Servicing, L.P. ("BACHLS") and Bank of America, N.A. (collectively
17
     "BofA") (erroneously sued as "Bank of America Attn: Document Services [Foreclosure]")
18
     have filed a motion to dismiss Plaintiff's Complaint for failure to state a claim.  For the
19
     reasons discussed below, BofA's motion to dismiss is **GRANTED**.  Plaintiff has filed a
20
     "motion to strike" BofA's motion to dismiss. The Court **DENIES** the motion to strike because
21
     there is no legal basis for such relief, and construes the motion to strike as Plaintiff's
22
     opposition to the motion to dismiss.
23

24
                                        **I.  BACKGROUND**
25
         In September 2005, Plaintiff borrowed $400,000 from Universal Savings Bank, F.A.,
26
     a federal savings bank ("Universal").  (RJN, Ex. A.)  According to the terms of the note, the
27
     loan's interest rate of 5.25% was fixed for three years, after which the interest rate would
28
     adjust annually based on an Index plus 2.25%.  (Id.)

                                                1                          11cv0104 BTM(WMc)

1      Plaintiff's loan was secured by a deed of trust on property located at 13970 Olivevista

2 Drive, Jamul, California 91935 (the "Property"). (RJN Ex. E.)  The deed of trust names

3 MERS as the beneficiary.  (Id.)

4      On August 18, 2009, a Notice of Default was recorded against the Property by

5 ReconTrust Company, N.A., "as agent for the Beneficiary."  (RJN Ex. P.)

6      On April 1, 2010, MERS recorded an assignment by which MERS transferred its

7 beneficial interest in the Deed of trust to BACHLS.  (RJN Exs. P, Q.)

8

9                **II.  STANDARD**

10      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted

11 only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to

12 support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th

13 Cir. 1988).  When reviewing a motion to dismiss, the allegations of material fact in plaintiff's

14 complaint are taken as true and construed in the light most favorable to the plaintiff.  See

15 Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).   Although

16 detailed factual allegations are not required, factual allegations "must be enough to raise a

17 right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct.

18 1955, 1965 (2007).   "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to

19 relief' requires more than labels and conclusions, and a formulaic recitation of the elements

20 of a cause of action will not do."  Id.  "[W]here the well-pleaded facts do not permit the court

21 to infer more than the mere possibility of misconduct, the complaint has alleged - but it has

22 not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, __ U.S. __, 129 S,Ct.

23 1937, 1950 (2009) (internal quotation marks omitted).

24

25                **III.  DISCUSSION**

26      Defendants contend that the Complaint should be dismissed because Plaintiff has

27 failed to state a claim.  The Court agrees.  As discussed below, Plaintiff's sixteen causes of

28

          11cv0104 BTM(WMc)

1   action do not state viable legal claims and/or lack sufficient factual allegations.[1]

2       First Cause of Action: Plaintiff's first cause of action for violations of Cal. Bus. & Prof.

3   Code §§ 10240-10248.3, 12 C.F.R. §§ 226.23(a)(3), 226.19, and the Truth in Lending Act

4   ("TILA"), 15 U.S.C. §§ 1601, et seq., is based on the alleged failure of Plaintiff's loan broker

5   to provide him with certain disclosures.  However, Plaintiff does not allege that BofA was his

6   loan broker or had anything to do with loan broker.

7       Second Cause of Action: Plaintiff contends that the lender violated FDIC policies and

8   California Financial Code § 50204(g) by failing to properly determine whether Plaintiff would

9   be able to make his monthly payments.  Universal, not BofA, was the lender.  At any rate,

10  it does not appear that there is a private right of action for violation of FDIC policies.  As for

11  Plaintiff's Financial Code claim, § 50204 applies to "licensees" in the business of making

12  residential mortgages or servicing residential mortgages.  A federally chartered savings and

13  loan association, federal savings bank, or federal credit union that is authorized to transact

14  business in California is exempt from California's license requirement.  Cal. Fin. Code §

15  50002(a), (c)(3).  Accordingly, it appears that § 50204 does not apply to Universal.

16      Third Cause of Action: Plaintiff asserts a claim of "imprudent underwriting" in violation

17  of Cal. Civ. Code § 1920(a), which provides that "[s]tandards for the adjustment of interest

18  rates or monthly payments shall consider factors which can reasonably be deemed to affect

19  the ability of borrowers to meet their mortgage obligations."  Again, BofA was not the lender.

20  In addition, it appears that § 1920(a) would be preempted by the Home Owners' Loan Act

21  of 1933 ("HOLA"), 12 U.S.C. § 1641, et seq., and the regulations issued thereunder by the

22

23      [1] BofA argues that Plaintiff's Complaint must be dismissed because Plaintiff has
    failed to tender the amount that is owing on the note.  Under California law, "an action to set
24  aside a trustee's sale for irregularities in sale notice or procedure should be accompanied
    by an offer to pay the full amount of the debt for which the property was security."  Arnolds
25  Management Corp. v. Eischen, 158 Cal. App. 3d 575, 577 (1984).  "A valid and viable tender
    of payment of the indebtedness owing is essential to an action to cancel a voidable sale
26  under a deed of trust."  Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d 112, 117
    (1971).  The reason for this requirement is that a court of equity will not use its remedial
27  power to accomplish a futile act that has no beneficial purpose.  Id. at 117-18.  Here, Plaintiff
    is not attempting to set aside a sale that has already taken place.  Therefore, the Court
28  declines to impose the tender requirement in this case.

1  Office of Thrift Supervision ("OTS"). See Giordano v. Wachovia Mortg., FSB, 2010 WL

2  5148428 (N.D. Cal. Dec. 14, 2010) (holding that claims based on Cal. Civ. Code § 1920 "fall

3  squarely within 12 C.F.R. § 560.2(b)(4), (b)(9), and (b)(10)" and are therefore preempted by

4  HOLA).

5      Fourth Cause of Action: Plaintiff claims that a misleading disclosure was made in his

6  loan documents in violation of TILA.  Specifically, Plaintiff complains about a notice that

7  stated, "Your loan contains a variable-rate feature.  Disclosures about the variable rate have

8  been provided to you earlier." According to Plaintiff, the Adjustable Rate Program Disclosure

9  is dated the *same* date and therefore was not provided "earlier."  However, Plaintiff does not

10  claim that he was not advised about the variable-rate feature before he entered into the loan.

11     Moreover, any TILA claim would be barred by the applicable one-year statute of

12  limitations.  15 U.S.C. § 1640(e).  Plaintiff obtained the loan in question in September 2005,

13  but did not file this action until January 19, 2011.  Although equitable tolling of TILA claims

14  is available in some cases, see King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986),

15  Plaintiff has not alleged any facts suggesting that the doctrine of equitable tolling is

16  applicable here.[2]

17     Fifth Cause of Action: Plaintiff asserts a claim of "elder abuse" under Cal. Civ. Code

18  §§ 3345 and 1575, based on the "deceptive and fraudulent disclosures, unfair practices, and

19  language filled with incomprehensible legalese and unintelligible disclosures designed to

20  confuse the average purchaser."  To the extent Plaintiff's claim is based on disclosures in

21  connection with the loan, Plaintiff's claim is preempted by HOLA.  See Giordano, 2010 WL

22  5148428, at * 5.  To the extent Plaintiff's claim relies on other fraudulent representations or

23  conduct by the lender or BofA, Plaintiff has failed to specify what those were and has not

24

25  [2] In order for equitable tolling to apply, Plaintiff must allege fraudulent conduct beyond the disclosure itself. See Evans v. Rudy-Luther Toyota, Inc., 39 F. Supp. 2d 1177, 1184 (D. Minn. 1999) ("The Courts, which have applied the doctrine of fraudulent concealment to TILA claims that are directed at alleged nondisclosures, have uniformly held that fraudulent conduct, beyond the nondisclosure itself, is necessary to permit the one-year period to be equitably tolled."); Hubbard v. Fidelity Federal Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding that one-year statute of limitations was not tolled as to initial TILA disclosures because "nothing prevented [plaintiff] from comparing the loan contract, Fidelity's initial disclosures, and TILA's statutory and regulatory requirements.").

4                    11cv0104 BTM(WMc)

1  satisfied the heightened pleading requirements of Fed. R. Civ. P. 9(b).  See Cooper v.

2  Pickett, 137 F.3d 616, 627 (9th Cir. 1997) (explaining that averments of fraud must be

3  accompanied by the "who, what, when, where, and how" of the misconduct charged).

4         Sixth and Seventh Causes of Action: Plaintiff argues that (1) the downward

5  adjustment of the loan's interest rate was restricted in violation of the disclosure notice

6  required by Cal. Civ. Code § 1916.7(10); and (2) the disclosure notice required by §

7  1916.7(10) was not given. These claims, as they pertain to Universal, are preempted by

8  HOLA.  Garcia v. Wachovia, 676 F. Supp. 2d 895, 913 (C.D. Cal. 2009).  Furthermore, §

9  1916.7 only applies to mortgage loans made pursuant to it.  Cal. Civ. Code § 1916.7(b).

10  Plaintiff has not alleged facts establishing that § 1916.7 even applies to his loan.  See

11  Santos v. U.S. Bank N.A., 716 F. Supp. 2d 970, 980 (E.D. Cal. 2010) (holding that Plaintiffs

12  had not alleged facts showing that § 1916.7 applied, and rejecting contention that § 1916.7

13  sets out substantive regulations governing terms of loans).

14         Eighth Cause of Action: Plaintiff claims that the lender did not provide him with

15  historical index values, in violation of TILA.  However, as pointed out by BofA, Plaintiff

16  received the alternative disclosure provided for under 12 C.F.R. § 226.19(b)(2)(viii)(B).

17  (RJN, Ex. M.)  In addition, Plaintiff's TILA claim is time-barred for the reasons discussed

18  above.

19         Ninth Cause of Action: Plaintiff claims that he was not provided with the California

20  Insurance Disclosure as required by TILA.  Plaintiff's TILA claim is time-barred.  In addition,

21  it appears that Plaintiff did receive the disclosures.  (RJN, Exs. I-J.)

22         Tenth Cause of Action: Plaintiff alleges that the lender violated the Fair Credit

23  Reporting Act by failing to provide a notice that the lender would furnish negative credit

24  information to credit reporting agencies.  Under 15 U.S.C. § 1681s-2(a)(7)(A)(i), if any

25  financial institution that extends credit and regularly and in the ordinary course of business

26  furnishes information to a consumer reporting agency, furnishes negative information to such

27  an agency regarding credit extended to a customer, the financial institution shall provide a

28  notice of such furnishing of negative information, in writing, to the customer.  Although

1    Plaintiff claims that he did not receive such a notice, on September 12, 2005, Plaintiff

2    acknowledged receipt of a Notice Concerning the Furnishing of Negative Information to

3    Consumer Reporting Agency.  (RJN Ex. L.)  Moreover, there is no private right of action

4    under 15 U.S.C. § 1681s-2(a).  See Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d

5    1057, 1060 (9th Cir. 2002).

6         Eleventh and Twelfth Causes of Action: Plaintiff alleges that disclosures required by

7    24 C.F.R. § 3500.6(a) (requiring lender to provide a "special information booklet") and §

8    3500.10 (requiring the *settlement agent* to provide a completed HUD-A or HUD-1A at or

9    before settlement) were not provided to him at any time during the loan process.   There is

10   no private right of action under the Real Estate Settlement Procedures Act ("RESPA") for

11   violations of these disclosure requirements.  See Badua v. Fremont Inv. & Loan, 2011 WL

12   1526813 (D. Hawaii April 20, 2011); Koczara v. IndyMac Bank, FSB, 2011 WL 379422 (E.D.

13   Mich. Feb. 3, 2011).

14        Thirteenth Cause of Action: Plaintiff claims that the Notice of Default was recorded

15   by an unauthorized agent because ReconTrust Company was not the Trustee. As pointed

16   out by BofA, under Cal. Civ. Code § 2924(a)(1), the notice of default can be recorded by a

17   "trustee, mortgagee, or beneficiary, or any of their *authorized agents*."  ReconTrust recorded

18   the Notice of Default as "agent for the Beneficiary." (RJN, Ex. P.)  Therefore, Plaintiff has

19   not shown that the Notice of Default was improperly recorded.

20        Fourteenth Cause of Action: Plaintiff argues that the Notice of Default is defective on

21   a number of grounds.  First, Plaintiff points out that the Notice of Default states that

22   payments should be made to BACHLS even though the Assignment of Deed of Trust to

23   BACHLS was not recorded until months later. (RJN, Ex. Q.) However, even if BACHLS was

24   not the beneficiary at the time the Notice of Default was filed, BACHLS could still properly

25   collect payment as the loan servicer or agent of MERS.   Second, Plaintiff argues that

26   BACHLS is not in possession of the note and therefore has no authority to enforce the note.

27   Courts uniformly reject this argument because there is no requirement under California Civil

28   Code §§ 2924-2924 that the note be in possession of or produced by the party initiating

1  nonjudicial foreclosure.  See, e.g., Harrington v. Home Capital Funding, Inc., 2009 WL
2  514254, at * 4 (S.D. Cal. March 2, 2009).  Third, Plaintiff contends that the note and trust
3  deed have been split, leaving no one with the power to enforce the note.  But it is well
4  established that the transfer of a note carries with it the security even in the absence of a
5  formal assignment or mention of the security.  See Davidson v. Countrywide Home Loans,
6  Inc., 2010 WL 962712, at * 5 (S.D. Cal. 2010).  Finally, Plaintiff argues that MERS, as only
7  a nominee, does not have the capacity to initiate foreclosure or to assign beneficial interest
8  in the deed of trust.  Courts have held that regardless of whether MERS is an economic
9  beneficiary, language in the Deed of Trust grants MERS the power to initiate foreclosure
10  under Cal. Civ. Code § 2924 and to assign its beneficial interest under the Deed of Trust.
11  See Wurtzberger v. Resmae Mortg. Corp., 2010 WL 1779972, at * 4 (E.D. Cal. Apr. 29,
12  2010) (explaining that since the Deed of Trust named MERS as the beneficiary it had the
13  right to foreclose and the authority to assign its beneficial interest under the deed of trust);
14  Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1188-90 (N.D. Cal. 2009)
15  (holding that pursuant to the plain terms of the Deed of Trust and § 2924, MERS had a right
16  to conduct the foreclosure process); Santarose v. Aurora Bank FSB, 2010 WL 2232819, at
17  * 5 (S.D. Tex. June 2, 2010) ("By the plain language of the Deed of Trust, MERS had the
18  right to foreclose the property.").

19       Fifteenth Cause of Action: Plaintiff contends that the lender engaged in predatory
20  lending and unfair business practices by indicating on the Deed of Trust that the promissory
21  note was "signed by Borrower and dated September 9, 2005."  Plaintiff argues that although
22  the note was signed, he did not date it, and that "[t]herefore, there is no date by which one
23  could benchmark the effective date the promise to pay commences."  Plaintiff's argument
24  lacks merit.  Although Plaintiff may not have put a date by his signature, the note itself lists
25  September 9, 2005 as the date.  There is nothing confusing or improper about the Deed of
26  Trust's reference to the note.  As for the timing of Plaintiff's payment obligations, the note
27  itself states the date Plaintiff's payment obligation commences.  (RJN, Ex. A.)

28       Sixteenth Cause of Action:  Plaintiff alleges that all parties named in the instruments

1   engaged in a conspiracy to commit mail fraud.  Plaintiff does not set forth facts establishing

2   a plausible claim for mail fraud or any other kind of fraud.

3         <u>Miscellaneous</u>:   On the caption page, in addition to listing violations of TILA and

4   RESPA, Plaintiff refers to violation of the Home Ownership and Equity Protection Act,

5   violation of the Fair Debt Collection Practices Act, quiet title, and declaratory relief.  Plaintiff

6   has not stated a claim under any of these statutes or theories.

7

8                                 **IV.  CONCLUSION**

9         For the reasons discussed above, BofA's motion to dismiss [Doc. Nos. 5, 9] is

10   **GRANTED**.  Plaintiff's motion to strike [Doc. Nos. 8, 12] is **DENIED**.  Plaintiff's Complaint is

11   **DISMISSED** for failure to state a claim.  The Court grants Plaintiff leave to file an amended

12   complaint within 15 days of the entry of this Order.  Failure to do so will result in the closing

13   of this case.

14   **IT IS SO ORDERED.**

15

16   DATED:  September 6, 2011

17                                       _____

                                      Honorable Barry Ted Moskowitz

18                                       United States District Judge

19

20

21

22

23

24

25

26

27

28