1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   CARL A. IMPINK,                        Case No. 11cv00104 BTM (WMc)
12                           Plaintiff,     **ORDER GRANTING MOTION TO**
                                            **DISMISS AND DENYING MOTION**
13         v.                               **TO CONTINUE**
     BANK OF AMERICA, N.A.; BAC HOME
14   LOANS SERVICING, L.P.; and DOES 1-
     10,
15
                             Defendant.
16

17         Defendants Bank of America, N.A. (erroneously sued as "Bank of America Attn:

18   Document Services [Foreclosure]") and BAC Home Loans Servicing, L.P. ("BACHLS") have

19   filed a motion to dismiss Plaintiff's Amended Complaint.  For the reasons set forth herein, the

20   Court GRANTS the motion to dismiss, and DENIES Plaintiff's request for a continuance.

21

22                                    **BACKGROUND**

23

24         In September 2005, Plaintiff borrowed $400,000 from Universal Savings Bank, F.A.,

25   a federal savings bank.  (RJN (Doc. 30-2), Ex. A.)  According to the terms of the note, the

26   loan's interest rate of 5.25% was fixed for three years, after which the interest rate would

27   adjust annually based on an Index plus 2.25%.  (Id.)

28   //

                                            1                         11cv00104 BTM (WMc)

Plaintiff's loan was secured by a deed of trust on property located at 13970 Olivevista Drive, Jamul, California 91935 (the "Property"). (RJN Ex. E.) The deed of trust names MERS as the beneficiary. (Id.)

On August 18, 2009, a Notice of Default was recorded against the Property by ReconTrust Company, N.A., "as agent for the Beneficiary." (RJN Ex. P.)

On April 1, 2010, MERS recorded an assignment by which MERS transferred its beneficial interest in the Deed of Trust to BACHLS. (RJN Exs. P, Q.)

Plaintiff commenced this matter on January 19, 2011, by filing a complaint (the "Complaint") alleging sixteen separate causes of action based on various alleged misstatements and misrepresentations relating to the underlying loan. On September 6, 2011, the Court entered an order (Doc. 23) dismissing each of Plaintiff's sixteen causes of action for failure to state a claim.

## STANDARD

Under Fed. R. Civ. P. 8(a)(2), the plaintiff is required only to set forth a "short and plain statement" of the claim showing that plaintiff is entitled to relief and giving the defendant fair notice of what the claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).

When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief'

2

1    requires more than labels and conclusions, and a formulaic recitation of the elements of a

2    cause of action will not do." Id.  "[W]here the well-pleaded facts do not permit the court to

3    infer more than the mere possibility of misconduct, the complaint has alleged--but it has not

4    show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937,

5    1950 (2009) (internal quotation marks omitted).   A complaint filed by a pro se plaintiff is held

6    to less stringent standards than pleadings drafted by attorneys. Haines v. Kerner, 404 U.S.

7    519, 520-21 (1972).

8

9                                           **DISCUSSION**

10

11          Plaintiff's amended complaint does nothing to cure the multitude of defects identified

12   by the Court in the September 6, 2011 order dismissing the original Complaint.  The entire

13   substantive content of Plaintiff's Amended Complaint is set forth in two numbered

14   paragraphs, which state (verbatim):

15          1.    Amended First Cause of Action- Plaintiff asserts that the lender offered
                  a "predatory loan" with an expectation that the Plaintiff would be forced
16                into a default when the ARM elements of the loan were executed by the
                  lender.  The profit potential to the purchasers of said loan fully expected
17                to realize the increased income stream of the ARM loan at the expense
                  of the Plaintiff.  Such "bait and switch" tactics of the mortgage broker
18                and lender are exacerbated by the courts acceptance of such practices
                  as a mere "doing business" normally, when it is an obvious perversion
19                of a well established process. **By not providing ARM disclosures as
                  required by law**, the mortgage broker and lender have conspired to
20                defraud the Plaintiff of his property, which would have been obvious to
                  any knowledgeable buyer.  Thus, "elder abuse" applies to this Plaintiff.
21                The causes of action of the original complaint are included herein by
                  reference.
22
            2.    Amended Second Cause of Action- Plaintiff asserts that the
23                Defendant/lender is pursuing and unjust enrichment in violation of
                  commercial law.  Plaintiff asks the court to set aside the sale, cancel the
24                trustee's deed, and award the Plaintiff quiet title to said property.

25   (Amended Complaint, Doc. 28, at 2 (emphasis in original).)

26          The first paragraph adds nothing to the allegations in the original Complaint.  The

27   Court has already dismissed Plaintiff's bald allegations of "elder abuse" (see 6 Sept. 2011

28   Order at 4), "predatory lending" (see id. at 7), and failure to provide ARM (adjustable-rate

                                                  3

mortgage) disclosures (see id. at 4).  The Court also noted that any Truth in Lending Act ("TILA") claims were barred by TILA's statute of limitations, and that Plaintiff failed to plead "any facts suggesting that the doctrine of equitable tolling is applicable here." (Id.)  Plaintiff has not, in the paragraphs above, set forth any basis for granting him equitable tolling with respect to the TILA statute of limitations.  Lastly, to the extent any of Plaintiff's other conclusory statements in the first paragraph (e.g. allegations of "bait and switch" tactics) can be read to allege fraud, such statements fail to meet the heightened pleading standard for fraud claims under Federal Rule of Civil Procedure 9(b).

The second paragraph adds a claim for "unjust enrichment in violation of commercial law."  In California, there is no cause of action for "unjust enrichment"; rather, unjust enrichment is an injury, for which the cause of action is restitution.  See Dinosaur Development, Inc. v. White, 216 Cal. App. 3d 1310, 1314 (1st Dist. 1989) ("[P]laintiff is in essence pleading its entitlement to restitution.  Unjust enrichment, the term used by plaintiff, is synonymous with restitution.").  Under California law, "one who confers benefits on another *officiously*, i.e., by unjustified interference in the other's affairs, is not entitled to restitution.  It must ordinarily appear that the benefits were conferred by *mistake, fraud, coercion or request*; otherwise, though there is enrichment, it is not unjust." Id. at 1316 (emphasis in original).  Plaintiff has failed to allege sufficiently any facts indicating an unjust enrichment, such that Plaintiff could raise a colorable claim for restitution.

Plaintiff's Amended Complaint also requests that the Court take judicial notice of an attached document, identified by Plaintiff as a "common law lien" on the Property dated November 4, 2010.  Plaintiff nowhere explains the purpose of this request for judicial notice.  Without even addressing the issue of whether the Court may take judicial notice of the contents of the "common law lien," the Court finds that Plaintiff has entirely failed to allege any legal theory in connection to his request for judicial notice.  The request does nothing to save the Amended Complaint from dismissal.

Lastly, also pending before the Court is Plaintiff's letter to the Court requesting a continuance--for an unknown deadline--of 60 days.  Plaintiff dated this letter after filing his

response to Defendants' motion to dismiss, and thus the Court assumes Plaintiff seeks a continuance of the date on which the Court takes the motion to dismiss under consideration. As this motion was taken under consideration more than 60 days ago, the Court DENIES Plaintiff's request for a continuance (Doc. 36) as moot.

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Defendants' motion to dismiss (Doc. 30), and DISMISSES the Amended Complaint.  There is no indication that Plaintiff can successfully plead a valid cause of action.  Therefore, leave to amend would be futile.  The clerk shall enter a final judgment dismissing the Amended Complaint.

**IT IS SO ORDERED.**

DATED:  July 23, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

11cv00104 BTM (WMc)